# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JOANNE PITTS                                                                                             PLAINTIFF

V.                                           CAUSE NO. 3:15-cv-892-CWR-LRA

CITY OF MADISON, MISSISSIPPI, et al.                                          DEFENDANTS

## ORDER

On December 4, 2017, this Court granted summary judgment to the Madison Defendants on all claims except for Plaintiff Joanne Pitts' Fourteenth Amendment claim against Investigator Terrell in his individual capacity. *See Pitts v. City of Madison, Miss.*, No. 3:15-CV-892-CWR-LRA, 2017 WL 6003645, at *9 (S.D. Miss. Dec. 4, 2017). The parties submitted supplemental briefs and cross-motions for reconsideration. For the reasons stated below, the Court grants in part and denies in part the Defendants' motion for reconsideration, and grants the Plaintiff's motion for reconsideration.

**I.**      **Law**

Motions for reconsideration serve a "narrow purpose." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 365 (5th Cir. 2009). "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bolin Co., Inc. v. Banning Co.*, Inc., 6 F.3d 350, 355 (5th Cir. 1993). "Whatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

**II.**      **Defendants' Motion for Reconsideration**

This Court previously held that a genuine dispute exists as to whether Investigator Terrell intentionally undervalued Pitts' car so that it would be subject to administrative forfeiture rather than judicial forfeiture under Mississippi law. *See Pitts*, 2017 WL 6003645, at *6. Terrell asks the Court to reconsider this finding. He argues that the Court improperly relied on an unsigned affidavit.

Indeed, unsigned affidavits are not competent summary judgment evidence. *See Roy v. U.S. Dept. of Agric.*, 115 F. App'x 198, 200 (5th Cir. 2004). But after reviewing the audio recording of Terrell's deposition, the Court still finds that a genuine dispute exists as to whether Terrell intentionally undervalued Pitts' car so that it would fall under the provisions of administrative forfeiture.

Since Pitts has evidence of a constitutional violation, the Court must proceed to decide if Terrell's conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Therefore, "[e]ven law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Glenn*, 242 F.3d at 312 (quotations marks and citation omitted).

For a right to be clearly established, "the contours of that right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Bishop v. Arcuri*, 674 F.3d 456, 466 (5th Cir. 2012) (quotation marks and citation omitted). The Supreme Court has repeatedly instructed that clearly established law must not be defined "at a high level

of generality." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (admonishing a lower court for "fail[ing] to identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment"); *see Estate of Dunn Gray v. Dalton*, No. 1:15-CV-061-SA-DAS, 2017 WL 564035 (N.D. Miss. Feb. 10, 2017). Instead, the plaintiff must identify clearly established law that is "particularized" to the facts of the case. *Id*. Although the Supreme Court does not require a case directly on point, existing precedent must have placed the statutory or constitutional question "beyond debate." *White*, 137 S. Ct. at 552.

Here, Pitts has failed to provide any case law involving sufficiently similar circumstances. As noted by the Defendants, the "vast majority of cases involving due process claims regarding civil forfeiture turn on whether the property owner was provided proper notice of the forfeiture." Docket No. 90 at 11. *Holladay v. Roberts*, the case on which Pitts relies, is no different. 425 F. Supp. 61 (N.D. Miss. 1977). On a motion to dismiss, the *Holladay* court held that the statute providing for forfeiture to state agency violated due process in failing to provide for any notice to the owner of the seized vehicle prior to forfeiture. *Id*. at 65. But it is undisputed that Pitts received proper notice. She has not shown that her issue—being put to administrative instead of judicial forfeiture—was clearly established as a due process violation.

The lack of any particularized case law precludes the Court from finding that Terrell's conduct was objectively unreasonable in light of clearly established law.[1] Therefore, the Court grants summary judgment to Investigator Terrell as to Pitts' Fourteenth Amendment claim.

## III.    Plaintiff's Motion for Reconsideration

---

[1] The Court is compelled to grant summary judgment, but must underscore its strong disapproval with the conduct alleged in this case. As the Court has noted, a genuine dispute exists as to whether the officer intentionally undervalued Pitts' car with the intent to deprive her of certain constitutional protections. Law enforcement officers should not engage in subterfuge to deprive one of her constitutional protections. The constitution is what shields our fellow citizens from oppressive and autocratic government actions. The conduct exhibited here as alleged brings discredit to law enforcement and cause those they serve to distrust them.

On January 2, 2018, Pitts filed a cross-motion for reconsideration asking this Court to reconsider her state law claims against the City of Madison, specifically conversion and a due process violation under the Mississippi Constitution. The Court had dismissed these claims on the ground that Pitts failed to meet the notice of claim requirement in the Mississippi Tort Claims Act. *See Pitts*, 2017 WL 6003645, at *8.

Pitts asserts that she did in fact provide written notice of her claims, and that even if she failed to comply with the notice requirement, Defendants' failure to raise the defense would constitute a waiver of such a defense. *See Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 550 (Miss. 2009). This point is well-taken.

The Court grants Pitts' motion but declines to rule on the merits of her remaining state claims. In the Fifth Circuit, the "general rule" is that "courts should decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Pursuant to this authority, the Court will decline supplemental jurisdiction over Plaintiff's state-law causes of action.

**IV.    Conclusion**

Defendant's motion for reconsideration is granted in part and denied in part. Plaintiff's motion for reconsideration is granted and her remaining state law claims are remanded to the Circuit Court of Madison County.

**SO ORDERED**, this the 27th day of February, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE